UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| DEBRA G. HOPKINS, as Administrator of the Estate of Naomi G. Keith, deceased, and BRET A. HEIM, Guardian ad Litem for K. and S., minor children of the decedent, Plaintiffs, v. BOARD OF WILSON COUNTY KANSAS COMMISSIONERS, WILSON COUNTY SHERIFF, PETE FIGGINS, WILSON COUNTY SHERIFF'S DEPUTY JOHN DOE 1, WILSON COUNTY SHERIFF'S DEPUTY JOHN DOE 2, WILSON COUNTY SHERIFF'S DEPUTY JOHN DOE 3, WILSON COUNTY SHERIFF'S DEPUTY JOHN DOE 4, CITY OF FREDONIA, KANSAS, CITY OF FREDONIA CHIEF OF POLICE, RICHARD SELE CITY OF FREDONIA POLICE OFFICER JOHN DOE 5, CITY OF FREDONIA POLICE OFFICER JOHN DOE 6, CITY OF FREDONIA POLICE OFFICER JOHN DOE 7, CITY OF FREDONIA POLICE OFFICER JOHN DOE 8, Defendants. | Case No. **JURY TRIAL** |

## COMPLAINT

COMES NOW, DEBRA G. HOPKINS, Administrator of the Estate of Naomi G. Keith, deceased, and Bret A. Heim, Guardian ad Litem, for two minor daughters of the decedent, both appointed by the District Court of Wilson County, Kansas, in **Case No. 2014PR29**, by and through their counsel, Joseph N. Vader and Zach V. Thomas, and state as follows:

Page - 1

**PRELIMINARY STATEMENT**

1. This is a civil action for compensatory and punitive damages and for declaratory and injunctive relief. Plaintiffs contend that while decedent, Naomi G. Keith was in the custody of the Fredonia Kansas Police Department and the Wilson County Sheriff's Department, the Defendants, in their individual and official capacities, each demonstrated a deliberate indifference to the decedent, Naomi G. Keith's serious medical needs. The Defendants' deliberate actions and/or omissions resulted in Naomi G. Keith being subjected to cruel and unusual punishment in violation of the protections guaranteed by the 8th and 14th Amendments to the United States Constitution.

2. Plaintiffs maintain that the deprivations and violations of Naomi G. Keith's constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of Defendants in their official capacity, and that the named Defendants, acting under color of state law, knowingly caused the decedent, Naomi G. Keith, to be deprived of her Federal constitutional rights.

3. Plaintiffs request this court to declare that the acts and/or omissions by Defendants were unconstitutional under the United States Constitution, and by an award of compensatory and punitive damages, compensate them for the violations of the decedent, Naomi G. Keith's, constitutional rights and deter the Defendants from further participation in such unconstitutional acts and/or omissions.

## JURISDICTION AND VENUE

4. This action arises under and is brought pursuant to 42 U.S.C. §1983 to remedy the deprivation, under color of state law, of rights guaranteed by the 8th and 14th amendments to the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

5. Plaintiffs' claims for declaratory relief are authorized by 28 U.S.C. §2201 and §2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. Plaintiffs' claims for injunctive relief are authorized by 28 U.S.C. §2283 and §2284 and Rule 65 of the Federal Rules of Civil Procedure.

7. This cause of action arose in the Federal District of Kansas. Therefore, venue is proper under 28 U.S.C. §1391(b).

## THE PARTIES

8. The Plaintiff, Debra G. Hopkins, the mother of Naomi Keith, deceased, is the court appointed Administrator of the Estate of Naomi G. Keith, deceased, having been appointed by the District Court of Wilson County, Kansas, in **Case No. 2014PR29.**

She was at all times mentioned herein, an adult citizen of United States and a resident of the State of Nevada; the Plaintiff, Bret A. Heim, is the court-appointed Guardian ad

Litem for the biological children of the decedent, namely K. and S. He was at all times mentioned, herein an adult citizen of the United States and a resident of the State of Kansas.

9. Defendant, City of Fredonia of the State of Kansas, and the Defendant, Board of Wilson County Commissioners of the State of Kansas, are bodies politic and corporate, duly organized, and existing under the laws of the State of Kansas, and pursuant to law are capable of being sued in this court. Defendant, City Governing Body and individual Commissioners and Defendant, Board of County Commissioners and individual Commissioners, are responsible for the policies practices and customs of the law-enforcement officers of the City and the County respectively, including the Wilson County Jail, as well as the hiring, training, control, supervision, and discipline of its' police officers, deputies, and other personnel.

10. Defendant, Pete Figgins, is sued in his individual capacity and also in his official capacity as the Sheriff for Wilson County, Kansas Sheriff's Department. Defendant, Pete Figgins, is and was at all relevant times mentioned herein, an adult citizen of United States and a resident of the State of Kansas. On information and belief, Defendant, Pete Figgins, was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the County of Wilson, Kansas, and was charged with the responsibility to

ensure that all prisoners under his jurisdiction received timely and adequate medical treatment and that the law enforcement officers under his command are properly trained and supervised regarding the handling of arrestees.

11.  Defendants, John Doe 1, John Doe 2, John Doe 3 and John Doe 4, are sued in their individual capacities and in their official capacities, as Deputies of the Wilson County Kansas Sheriff's Department, who were at all relevant times mentioned herein, adult citizens of United States and residents of the State of Kansas.  On information and belief, these Defendants were endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Wilson County Kansas Sheriff's Department of the City of Fredonia, Kansas, and were charged with responsibilities to ensure that all prisoners or persons arrested under their jurisdiction receive timely and adequate medical treatment.

12.  Defendant, Richard Sele, is sued in his individual capacity and in his official capacity, as the Chief of Police for the City of Fredonia, Kansas.  Defendant, Richard Sele, is and was at all relevant times mentioned herein, an adult citizen of United States and a resident of the State of Kansas.  On information and belief, Defendant, Richard Sele, was endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Police

Department of the City of Fredonia, Kansas, and was charged with responsibility to ensure that all prisoners or persons arrested under his jurisdiction receive timely and adequate medical treatment and that the law enforcement officers under his command are properly trained and supervised regarding the handling of arrestees.

13. Defendants, John Doe 5, John Doe 6, John Doe 7 and John Doe 8, are sued in their individual capacities and in their official capacities, as Officers of the Police Department, City of Fredonia, Kansas. Defendants, John Doe 5, John Doe 6, John Doe 7, and John Doe 8, were at all relevant times mentioned herein, adult citizens of United States and residents of the State of Kansas. On information and belief, Defendants were endowed with responsibility regarding the provision of health and medical services to persons in the custody of the Police Department of the City of Fredonia, Kansas, and were charged with responsibility to ensure that all prisoners or persons arrested under their jurisdiction receive timely and adequate medical treatment.

### STATEMENT OF FACTS

14. The decedent, Naomi G. Keith, was arrested by the Defendant, City of Fredonia police officers on Monday morning,

September 2, 2013, with a very high blood alcohol content, obviously physically and mentally impaired, and suffering obvious alcohol withdrawal symptoms, and was incarcerated at the Wilson County Jail shortly thereafter.

15. Based on information and belief, the decedent was extremely ill at the time of her arrest and at the time she was placed in a jail cell and at all times, pleaded with the Defendant law enforcement officers to see a doctor and to be taken to a hospital for treatment, which pleas were denied by the Defendant law enforcement officers. The said law enforcement officers knew or should have known she needed medical care, but ignored her and demonstrated deliberate indifference to her serious medical needs.

16. At around 11:45 a.m., on Tuesday, September 3, 2013, the decedent, Naomi Keith, was found dead in her cell in the Wilson County jail, having not been seen or treated by a health care provider from the time of her arrest to the time of her death.

17. Each of the Defendants demonstrated deliberate indifference to decedent Naomi G. Keith's serious medical needs.

18. The actions of the Defendants set forth above violated the decedent's rights secured by the 8th and 14th Amendments to the United States Constitution, not to be subjected to cruel and unusual punishment.

19. As a result of the actions of the named Defendants, the decedent, Naomi G. Keith, endured extreme and severe pain, suffering, discomfort, prior to her unattended and wretched death in her jail cell.

WHEREFORE, the Plaintiffs pray for the entry of judgment against the Defendants jointly and severally for compensatory damages in an amount in excess of $75,000.00; for an award of punitive damages against the individual Defendants named herein jointly and severally; for costs, expenses and attorney fees for this action in accordance with 42 U.S.C. §1988; for an order that the Defendants have acted in violation of the United States Constitution, and such other and further relief as the court deems just and proper.

JOSEPH N. VADER, P.A.

_/s/ Joseph N. Vader_
JOSEPH N. VADER, P.A., #06107
104 East Poplar
Olathe, Kansas 66061
913-764-5010, FAX 913-764-5012
jvader@sbcglobal.net

and

ZACH V. THOMAS

_/s/ Zach V. Thomas_
ZACH V. THOMAS, #23776
104 East Poplar
Olathe, Kansas 66061
913-764-5010, FAX 913-764-5012
zach@zvtlaw.com
Attorneys for Plaintiffs

Page - 8

## DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, by and through counsel, Joseph N. Vader, and requests a trial by Jury of all issues in the above captioned matter, in Kansas City, Kansas.

_____
Joseph N. Vader