# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DEBRA G. HOPKINS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 15-2072-CM** |
| **BOARD OF WILSON COUNTY, KANSAS** | ) | |
| **COMMISSIONERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This case arises out of the death of Naomi G. Keith, who was in the custody of the Fredonia Kansas Police Department and the Wilson County Sheriff's Department at the time of her death. The administrator of Ms. Keith's estate (Debra G. Hopkins) and the guardian ad litem for Ms. Keith's two minor daughters (Bret A. Heim) originally brought this § 1983 action against the Board of Wilson County, Kansas Commissioners, the sheriff, and several deputies (collectively the "Wilson County defendants"); and the City of Fredonia, Kansas, its police chief, and several police officers (collectively the "Fredonia defendants").

The Wilson County defendants filed a third-party complaint against Advanced Correctional Healthcare, Inc. ("ACH") and two of ACH's employees—Heather Decker and Gary McIntosh— claiming a contractual right to indemnity for any liability. The Wilson County defendants alleged that "Wilson County contracted with ACH to provide medical services to inmates in the Wilson County Jail." (Doc. 31 at 2.) Plaintiffs also amended their complaint to add ACH, Ms. Decker, and Mr. McIntosh (collectively the "ACH defendants") as defendants.

The case is before the court on two motions: a Motion to Dismiss (Doc. 37) filed by the ACH defendants; and a Motion to Dismiss Third-Party Complaint (Doc. 39) filed by defendant ACH.  In Doc. 37, the ACH defendants claim that the statute of limitations bars plaintiffs' claim against them. In Doc. 39, defendant ACH argues that contribution is not an available remedy in this case.

## I.    Legal Standard

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id*.

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support her claims—not whether the plaintiff will ultimately prevail.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## II.    Motion to Dismiss (Doc. 37)

### A.    Factual Background

The following facts are taken from plaintiffs' amended complaint and the judicial record in this case.  In their response brief to Doc. 37, plaintiffs attached and referred to a number of exhibits to

show that plaintiffs made a good faith, timely effort to discover the proper defendants.  But to consider this evidence, the court must convert the motion to one for summary judgment and give the parties notice of the conversion.  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215–16 (10th Cir. 2007) (internal citations omitted).  The court declines to do so here.  *See Webster v. Golden Star, Inc.*, No. 00-2554-KHV, 2001 WL 950239, at *2 (D. Kan. May 24, 2001) (discussing the court's broad discretion in deciding whether to convert a motion).  The parties have not requested conversion, and the court has not notified the parties that it will apply a summary judgment standard.  In addition, defendants' motion does not contain the concise statement of material facts required by D. Kan. Rule 56.1.  In deciding the motion to dismiss, therefore, the court looks only to the pleadings and the court record.

The relevant facts, as limited by the above-identified parameters, are as follows:

- **September 3, 2013:**  Ms. Hopkins passed away.

- **January 8, 2015:**  Plaintiffs filed this suit, bringing claims against the Wilson County defendants (including four John Doe Wilson County deputies) and the Fredonia defendants (including four John Doe police officers).

- **September 3, 2015:**  The Wilson County defendants filed a designation of comparative fault, naming ACH and its employees.

- **September 23, 2015:**  The Wilson County defendants moved to file a third-party complaint naming ACH, Ms. Decker, and Mr. McIntosh as third-party defendants.

- **September 24, 2015:**  Plaintiffs filed a motion for leave to file a third amended complaint, seeking leave to add ACH, Ms. Decker, and Mr. McIntosh as defendants.

- **October 22, 2015:**  Plaintiffs filed their third amended complaint.

### B.    Discussion

Defendants ACH, Decker, and McIntosh move to dismiss plaintiffs' claims against them based on the statute of limitations.  "Limitations periods in [42 U.S.C.] § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules[.]"  *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632–33 (10th Cir. 1993) ("The length of the statute of limitations period and related questions of tolling and application are governed by state law, unless the tolling rules are inconsistent with federal law or with the policy which the federal law seeks to implement." (citations omitted)).  Here, the relevant statute of limitations is two years.  Kan. Stat. Ann. § 60-513(a)(4).  Plaintiffs added the ACH defendants more than two years after Ms. Hopkins passed away.

Plaintiffs respond with two arguments why the court should not dismiss their case against the ACH defendants.  First, plaintiffs claim that defendants' actions tolled the statute of limitations—i.e., defendants concealed the identity of ACH until it was too late to add ACH as a party.  Second, plaintiffs claim that the amended complaint relates back to the original complaint, making it timely-filed.

### 1.    *Tolling of Statute of Limitations*

Plaintiffs claim that the statute of limitations is tolled under Kan. Stat. Ann. § 60-517.  This statute provides:

> If when a cause of action accrues against a person he or she be out of the state, or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run until such person comes into the state, or while he or she is so absconded or concealed, and if after the cause of action accrues he or she depart from the state, or abscond or conceal himself or herself, the time of the absence or concealment shall not be computed as any part of the period within which the action must be brought.  This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter.

Kan. Stat. Ann. § 60-517.  Application of this tolling provision involves a two-pronged test:  (1) Did plaintiffs know, or should plaintiffs have known of defendants' whereabouts; and (2) Did defendants conceal themselves?  *Underhill v. Thompson*, 158 P.3d 987, 993 (Kan. Ct. App. 2007).  Plaintiffs bear the burden of establishing a basis to toll the statute of limitations.  *Glaser v. City & Cty. of Denver*, 557 F. App'x 689, 698 (10th Cir. 2014) ("While the statute of limitations is an affirmative defense, when the dates given in the [amended] complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." (citation omitted)).

Plaintiffs attempted to establish both of these elements with the documents attached to their response brief.  But even if the court were to consider plaintiffs' submissions, they do not establish the second element—that the ACH defendants concealed themselves.  At most, they show that the pre-existing Wilson County and Fredonia defendants delayed in identifying any other involved actors.  The documents do not show or suggest, however, that the ACH defendants themselves were hiding or otherwise concealing themselves.  Kan. Stat. Ann. § 60-517 applies when a party takes action to abscond or conceal himself or herself.  It does not, by its plain language, apply based on the actions of others.

To avoid this statutory construction, plaintiffs argue:

> [E]vidence of Wilson County's obstruction as to the identity of ACH should be imputed upon ACH based upon the principal/agency relationship.  ACH was concealed by Defendants Wilson County and City of Fredonia's failure to produce documents revealing ACH or identify[ing] the "John Does" in the petition.  Until they named ACH in their Third Party Complaint, Defendants Wilson County and/or Fredonia's attempts to conceal the existence of ACH made it impossible for Plaintiff to identify ACH and add ACH as a Defendant.

(Doc. 45 at 8.)  But plaintiffs also state in their response brief (without evidentiary support) that defendants disclosed ACH's involvement on July 30, 2015.  None of this information is in plaintiffs' amended complaint, but plaintiffs' representation in their brief indicates that they knew of ACH's

existence and potential involvement before the statute of limitations ran.  This undermines plaintiffs'

concealment argument.  Plaintiffs' principal-agency argument is also insufficient to support tolling.

Plaintiffs claim that the actions of the Wilson County defendants (as the principals) should be charged

to the ACH defendants (as the agents).  This logic, however, is backwards.  A principal may be held

liable for the acts of an agent, *see Hughes v. Jones*, 476 P.2d 588, 592 (Kan. 1970), but this rule does

not apply in reverse.

The allegations in plaintiffs' complaint do not present the "rare and exceptional circumstances"

in which a statute of limitations may be tolled.  *See Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir.

2003).  And even if the court were to consider the documents attached to plaintiffs' response brief, the

documents do not support plaintiffs' argument.  Plaintiffs cannot show that the statute of limitations

should be tolled.

### 2.  *Relation Back of Amended Complaint*

Plaintiffs next contend that their amended complaint is timely because it relates back to the

filing of the original complaint.  The relation-back doctrine, however, is used for cases of mistaken

identity—not when a plaintiff adds a new party.  *Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir.

2004).  Replacing a John Doe defendant with a new defendant does not fall under the umbrella of Fed.

R. Civ. P. 15(c).  *Id.*; *Bell v. City of Topeka, Kan.*, 279 F. App'x 689, 692 (10th Cir. 2008).  This

argument also does not preclude dismissal of the ACH defendants.  For these reasons, the court grants

the ACH defendants' motion to dismiss (Doc. 37).

### III.  <u>Motion to Dismiss Third-Party Complaint (Doc. 39)</u>

Third-party defendant ACH moves to dismiss the third-party complaint against it, arguing that

contribution is not an available remedy for actions brought under 42 U.S.C. § 1983.  Third-party

plaintiffs clarify that their claim is not one for contribution, but one for contractual indemnity.  The parties contractually agreed:

> 5.3.2 HOLD HARMLESS. ACH shall hold harmless the COUNTY, SHERIFF, and any Sheriff employees against any loss or damage, including reasonable attorney fees and other costs of litigation, caused or necessitated by the sole negligence of ACH, its agents, employees or vendors related to medical treatment or care provided by ACH.

(Doc. 31-1 at 9.)

In reply, third-party defendant ACH argues that the contractual provision only applies to any loss or damages caused by the <u>sole</u> negligence of ACH.  Third-party defendant ACH points out that plaintiffs allege that each of the defendants demonstrated deliberate indifference to Ms. Keith—not that ACH was solely responsible.   In their third-party complaint, however, the Wilson County defendants allege, "Wilson County Defendants deny liability for plaintiffs' damages.  However, if plaintiff[s] did suffer damages, all or some of the damages claimed by plaintiff[s] were caused by the negligence, acts or omissions of ACH."  (Doc. 31 at 3.)

The allegations in the third-party complaint are sufficient to survive a motion to dismiss.  A jury may find that ACH was solely negligent in this this case.   Under that scenario, third-party plaintiffs could be entitled to indemnity under the contract.  The court denies Doc. 39.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 37) is granted. Defendants ACH, Decker, and McIntosh are dismissed from the case as defendants.  They remain, however, as third-party defendants.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Third-Party Complaint (Doc. 39) is denied.

Dated this 31st day of May, 2016, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
