**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DEBRA G. HOPKINS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 15-2072-CM** |
| **BOARD OF WILSON COUNTY, KANSAS** ) | |
| **COMMISSIONERS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case arises out of the death of Naomi G. Keith, who was in the custody of the Fredonia Kansas Police Department and the Wilson County Sheriff's Department at the time of her death. The administrator of Ms. Keith's estate (Debra G. Hopkins) and the guardian ad litem for Ms. Keith's two minor daughters (Bret A. Heim) originally brought this § 1983 action against the Board of Wilson County, Kansas Commissioners, the sheriff, and several deputies; and the City of Fredonia, Kansas, its police chief, and several police officers.

The case is before the court on a motion to dismiss filed by defendants Farmer, Moodie, Curry, Ratzliff, and Wells (Doc. 70). Plaintiffs failed to timely respond to the motion. The court entered an order to show cause why the motion should not be granted as uncontested, and again plaintiffs failed to respond. The court therefore considers the motion without the benefit of a response by plaintiffs.

**I.      Legal Standard**

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief

-1-

"through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*.

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). In reviewing the sufficiency of a complaint, the court determines whether the plaintiff is entitled to offer evidence to support her claims—not whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## II.     Factual Background

As this court discussed in an order entered May 31, 2016, Ms. Keith passed away on September 3, 2013. Plaintiffs filed suit on January 8, 2015, and filed their motion for leave to file a third-amended complaint (adding defendants Farmer, Moodie, Curry, Matzliff, and Wells) on September 24, 2015. The court gave plaintiffs leave to amend, and plaintiffs filed their third-amended complaint on October 22, 2015.

## III.    Discussion

Defendants ask the court to dismiss the complaint for several reasons, but the court only needs to address two here: (1) the guardian ad litem of Ms. Keith's minor children lacks standing to bring this § 1983 action; and (2) plaintiffs' claims are barred by the applicable two-year statute of limitations.

-3-

Defendants' first argument applies to all defendants—even those who did not bring the instant motion to dismiss. The court may raise the question of standing sua sponte, and it does so here with respect to the non-moving defendants. *See People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002). The only proper plaintiff in this case is Ms. Keith's estate. *Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990); *Bruner-McMahon v. Hinshaw*, 846 F. Supp. 1177, 1198 (D. Kan. 2012). The court therefore dismisses all claims brought by Bret A. Heim, guardian ad litem for Ms. Keith's minor children.

As for defendants' second argument, the court already resolved this issue in its Memorandum and Order dated May 31, 2016. There, the court determined that other claims brought for the first time in plaintiffs' third amended complaint were barred by the statute of limitations. (Doc. 72 at 6.) Likewise, plaintiffs' claims against defendants Farmer, Moodie, Curry, Matzliff, and Wells also are barred by the two-year statute of limitations because the relation-back doctrine does not apply here. (*Id.* (citations omitted).)

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 70) is granted. All of plaintiff Bret A. Heim's claims are dismissed, and all claims against defendants Farmer, Moodie, Curry, Matzliff, and Wells are dismissed.

Dated this 25th day of August, 2016, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**