IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEBRA G. HOPKINS, et al.,**

    **Plaintiffs,**

    v.

**BOARD OF COUNTY COMMISSIONERS OF WILSON COUNTY, KANSAS, et al.,**

    **Defendants.**

Case No. 15-2072-CM-GLR

**MEMORANDUM & ORDER**

The matter before the Court is on Plaintiff's Motion for Relief from Order Excluding Plaintiffs' Experts (ECF 113). For the reasons below, the Court denies the motion.

**I. Background**

On November 13, 2016, the Court entered an Amended Scheduling Order (ECF 83). Plaintiffs were to disclose her expert witnesses on or before October 25, 2016, and they did so, disclosing Dr. Paul Kurth, Erik Mitchell, M.D., and Shawn Stanley, M.D.[1] as experts. On November 2, 2016, Defendants Advanced Correctional Healthcare, Inc., Heather Decker, and Gary McIntosh (collectively, "ACH") filed a Motion to Strike Expert Witnesses (ECF 89), alleging Plaintiff's expert disclosure violated Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs did not respond to ACH's motion. The Court then granted without objection ACH's motion to strike, but gave Plaintiffs until January 6, 2017 to serve expert witness designations that fully complied with Rule 26. (ECF 93.) In between the Court's Order and January 6, Plaintiffs sent Defendants: (1) Dr. Mitchell's Curriculum Vitae, list of testimony, and fee schedule; and (2) Dr. Kurth's Curriculum Vitae, list of testimony, and fee schedule. (The Court was unaware of this

---

[1] Plaintiffs have since abandoned Shawn Stanley as an expert witness.

exchange.) On January 24, 2017, ACH filed another Motion to Exclude Plaintiff's Experts (ECF 101), alleging Plaintiffs' disclosures were still in violation of Rule 26(a)(2)(B). Again, Plaintiffs did not respond to ACH's motion. The Court therefore granted ACH's motion to exclude Plaintiffs' experts, concluding that Plaintiffs chose not to designate any expert witnesses for this case. (ECF 105.) On March 6, 2016, Defendants Board of County Commissioners of Wilson County, Kansas and Pete Figgins filed a Motion for Summary Judgment (ECF 107). A week later, Plaintiffs filed the instant motion, which many Defendants[2] oppose.

## II. Legal Standard

"The federal rules do not recognize a motion to reconsider. A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b)."[3] Under D. Kan. Rule 7.3(b), a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the Court extends the time.

Federal Rule of Civil Procedure 26(a)(2)(B) provides:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;

---

[2] For clarity and purposes of this motion, the Court uses "Defendants" to include: (1) Defendant and Third Party Defendant Advanced Correctional Healthcare, Inc., (2) Defendants Heather Decker and Defendant Gary McIntosh, (3) Defendant and Third Party Plaintiff Board of Wilson County, Kansas, and (4) Defendant and Third Party Plaintiff Pete Figgins. The remaining Defendants did not respond to the instant motion.

[3] *Carr v. Ferkam Inc.*, 667 F. App'x 293, 293 n.2 (10th Cir. 2016), *reh'g denied* (July 11, 2016) (quoting *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010)).

> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

**III. Discussion**

Plaintiffs' motion is, essentially, a motion to reconsider the Court's February 9, 2017 Order striking Plaintiff's expert witnesses, Drs. Kurth and Mitchell. As such, it is untimely. D. Kan. Rule 7.3(b), requires that a party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed. ACH's motion to strike experts is a non-dispositive motion. A timely motion for reconsideration should have been filed on or before February 23, 2017. Plaintiffs filed the instant motion eighteen days beyond that deadline, on March 13, 2017. The Court therefore denies the motion, finding it untimely under D. Kan. Rule 7.3(b).

Aside the untimeliness of the instant motion and the arguments the parties have asserted, the Court notes that Plaintiffs themselves bear responsibility for the parade of errors that has led the case to this point. Their history includes the following:

- Plaintiffs provide expert witness disclosures that plainly violate Rule 26(a)(2)(B), omitting, at the very least, the information required by subsections (iv)–(vi).[4]

- Plaintiffs did not respond to ACH's first motion to strike.

---

[4] The Court is being generous here, excusing Plaintiffs' failure to provide information as to subsection (iii) because it is possible that neither witness planned to use exhibits to summarize or support their claims—so there is nothing to put in the report.

- Though given a second chance to provide expert disclosures that comply with Rule 26(a)(2)(B), Plaintiffs did not file any expert disclosures. Rather than filing expert disclosures as they had done twice previously,[5] they assumed they merely needed to submit the material omitted from their October 27 disclosures. The Order of December 8 Order was clear: "The disclosures of Paul H. Kurth, M.D., Erik Mitchell, M.D., and Shawn Stanley, M.D. as experts (ECF 84) are stricken."[6] As such, Plaintiffs could have re-designated, to use their words, their experts because the Court had stricken their previous disclosures as non-compliant. Plaintiffs did not do so.
- Plaintiffs did not respond to ACH's second motion to strike, which was based on their inaction and questioned their compliance with subsections (i) and (ii).
- Plaintiffs did not timely file their motion to reconsider.
- Perhaps more importantly, Plaintiffs waited to file their motion to reconsider until a week after Defendants and Third Party Plaintiffs Board of County Commissioners of Wilson County, Kansas, and Pete Figgins filed their Motion for Summary Judgment (ECF 107), which was based on the Court's striking of Plaintiffs' experts.

To summarize, the Court gave Plaintiffs a second chance in December, and they failed to pursue it. Despite the clear text of the Court's December 8 Order, Plaintiffs may have assumed they had complied with Rule 26(a)(2)(B) merely by bringing their previous disclosures into compliance and sending responsive information by January 6, 2017.[7] But any such assumption was belied by ACH's second motion to strike, which put Plaintiffs on notice that their disclosures yet remained arguably insufficient. Moreover, ACH explicitly accounted for

---

[5] *See* ECF 46 and ECF 84.

[6] ECF 93.

[7] And, to that end, Plaintiffs did send the information in subsections (iv)–(v) to ACH by January 6, 2017.

4

Plaintiffs' assumption in their motion, contending that even if Plaintiffs had satisfied the Court's December 8 Order by sending the information required by subsections (iv)–(v) to ACH, Plaintiffs' disclosures still failed to comply with subsections (i) and (ii).[8] Plaintiffs' failure to respond means they did not contest ACH's argument. Given this sequence of motions and opportunities to timely respond to them, they had opportunities to show their compliance with Rule 26(a)(2)(B). They never attempted to do so until now—a month after the Court's Order and a week after the other Defendants moved for summary judgment. The Court could not assume or predict that Plaintiffs somehow had an intent contrary to their own inaction, when it thus entered its order to strike Plaintiffs' expert witnesses on February 9.

In Plaintiffs' reply to the instant motion, they essentially concede the above. They therefore plead the Court to reconsider striking their experts—a sanction that effectively and materially hampers their case. Plaintiffs instead propose the Court choose a lesser sanction. Federal Rule of Civil Procedure 37 provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless.

Rule 37 "permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."[9] District courts need not "make explicit findings concerning the existence of a substantial justification or the harmlessness of a Rule 26 violation."[10] But the Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is

---

[8] The Court notes that ACH's argument(s) regarding Plaintiffs' compliance with Rule 26(a)(2)(B)(i)–(ii) also had sufficient merit not to be ignored.

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002).

[10] *Id.*

offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[11]

The Court did not apply Rule 37 when it struck Plaintiffs' experts in its Order of February 9, primarily because Plaintiffs did not respond to the motion, rendering it unopposed. While the Court believes this analysis is unnecessary due to the untimeliness of Plaintiff's motion, the Court nevertheless considers the aforementioned factors. The Court finds exclusion of Plaintiffs' experts, Drs. Kurth and Mitchell, is warranted. As to the first factor, the prejudice or surprise to Defendants depends on the way the situation is framed. If *trial* is the benchmark, the prejudice and surprise is minimal as no depositions have been scheduled or taken and trial is not scheduled until March 19, 2018. But if *any resolution* of the case is the benchmark, Defendants have been prejudiced. Defendants Board of Wilson County, Kansas and Pete Figgins have already filed a motion for summary judgment based, in part, on the Court's exclusion of Plaintiffs' experts. As noted, Plaintiffs did not contest the exclusion until after that motion for summary judgment had been filed. Even if that wasn't enough, the discovery deadline was set for June 1, 2017, which is fast approaching. Allowing these experts to testify would result in a cascade of changing deadlines which likely affects the trial date, even though it is set for March 19, 2018. The Court finds this factor weighs in Defendants' favor, especially because the motion for summary judgment was filed before Plaintiffs even moved regarding their stricken experts.

As for the second factor, Plaintiffs could cure the prejudice. But they have shown no inclination to do so. In their briefing to the instant motion, they state, *ipso facto*, that Dr. Mitchell's autopsy report and Dr. Kurth's letter are "a complete statement of all opinions the

---

[11] *Id.* at 953.

witness will express and the basis and reasons for them" and contain "the facts or data considered by the witness in forming them."[12] Yet, in their answers to ACH's interrogatories, Plaintiffs state: "Both [witnesses] will testify as to the cause of death and the negligent acts of the defendants being the causation of her death."[13] As far as the Court can tell, Dr. Mitchell's autopsy report does not state what opinions he will be offering as to the negligent acts of Defendants. Likewise, Dr. Kurth's letter says "I believe the jail officials failed Ms. Keith by not recognizing an identifiable, life threatening medical emergency and allowing her a brief ER visit."[14] But Dr. Kurth provides no reasons for this opinion, and the only facts or data considered by him were Dr. Mitchell's autopsy report, which says nothing about what jail officials did or did not witness or recognize. Defendants, and the Court, could speculate as to what these experts will testify, but Rule 26(a)(2)(B)'s report requirement is designed to prevent such speculation. It allows an opposing party to prepare a relevant defense to the expert's testimony. It also facilitates the smoothness of the deposition(s), and keeps costs down. The Court finds this factor favors Defendants.

The third factor is disruption of the evidence at *trial*. This weighs in favor of Plaintiffs because trial is not for several months and the original discovery deadline has not yet passed.[15]

The fourth factor is Plaintiffs' bad faith and willfulness. The Court has already enumerated Plaintiffs' parade of errors. These errors form the basis for the Court's finding that Plaintiffs have acted in bad faith: (1) wasting Defendants' time by submitting plainly deficient disclosures, failing to respond to two motions, providing the necessary information two months

---

[12] Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii).

[13] ECF 101-7 at 5, ¶ 10.

[14] ECF 101-6 at 8.

[15] But, as the Court noted above, it has disrupted the evidence with respect to a dispositive motion.

7

later, and only moving for reconsideration after some Defendants moved for summary judgment; and (2) wasting the Court's time by causing scheduling issues and asserting an obviously untimely motion to reconsider. This factor weighs heavily in favor of Defendants. Given the other failures thus noted, the Court cannot simply ignore them or characterize them as simply harmless errors or substantially justified.[16]

The Court notes, however, that neither the motion nor this Order precludes Dr. Mitchell, who personally performed the autopsy, from testifying in any capacity. Rather, Dr. Mitchell is only precluded from providing *expert* testimony.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Relief from Order Excluding Plaintiffs' Experts (ECF 113) is denied.

Dated May 17, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[16] *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) ("Our justice system has a strong preference for resolving cases on their merits whenever possible, but no one, we hold, should count on more than three chances to make good a discovery obligation.").