UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEBRA G. HOPKINS, et al.,**

    **Plaintiffs,**

    v.

**BOARD OF COUNTY COMMISSIONERS OF WILSON COUNTY, KANSAS, et al.,**

    **Defendants.**

Case No. 15-2072-KHV

## MEMORANDUM AND ORDER TO SHOW CAUSE

The Court considers Plaintiffs' Motion to Modify the Scheduling Order (ECF 144). Invoking Fed. R. Civ. P. 16 (a) and (b), the motion asks the Court to "extend the discovery deadlines and allow Plaintiff a final opportunity to designate experts based on the Courts intent (sic) authority to define the scope and scheduling of discovery." (ECF 144-1, p. 9) In earlier orders (ECF 93, 105, 123) the Court has ruled that the disclosures of Paul H. Kurth, M.D. and Erik K. Mitchell, M.D. were inadequate to qualify them as expert witnesses. The Court held the disclosures failed to meet the criteria of Fed. R. Civ. P. 26(a)(2)(B).

Plaintiffs have filed three disclosures of experts. On December 18, 2015, they designated both Doctors Kurth and Mitchell as experts (ECF 46). This disclosure included a detailed autopsy report, signed by Dr. Mitchell. It also included a written report of two pages, signed by Dr. Kurth. Upon motion by defendants the Court ruled the disclosures inadequate for failure to comply with Fed. Rule Civ. P. 26(a)(2)(B).

1

On October 25, 2016, Plaintiffs filed a disclosure, again designating Drs. Kurth and Mitchell as experts.  (ECF 84) It did not adequately provide the information required by Rule 26(a)(2)(B).

On March 13, 2017, Plaintiff Hopkins filed a Motion for Relief from Order Excluding Plaintiffs' Experts (ECF 113).   And, in reply to third-party defendant's opposition to the motion, Plaintiff on April 10, 2017, filed the disclosure of Drs. Kurth and Mitchell with the same attachments as for the disclosure of December 18, 2015.   (ECF 122)   On May 17, 2017, the Court entered its Memorandum and Order (ECF 123), denying the motion for relief.   It found the motion untimely.   But it also again held that the designations provided by Plaintiff remained inadequate for failure to comply with Rule 26(a)(2)(B).

In addressing the current motion, i.e. Plaintiffs' Motion to Modify the Scheduling Order (ECF 144), the Court has reviewed the previous motions by plaintiffs and the relevant briefing by both Plaintiffs and Defendants.   It has also revisited its own orders that disallowed the proffers of Drs. Kurth and Mitchell as expert witnesses.   Having done so, the Court is of the opinion that it erred in applying Rule 26(a)(2)(B) to these disclosures. It finds nothing to support the contention or supposition that either Dr. Kurth or Dr. Mitchell is a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."   The Court should have found that the designations of Doctors Kurth and Mitchell do qualify as expert disclosures under Rule 26(a)(2)(C) and, consequently, should have been neither stricken nor ruled inadequate under the rule.   The expert disclosures of Doctors Kurth and Mitchell appear to be sufficient.   And the documents provided with their disclosures also appear adequate.   Plaintiff was not required to provide a written report or otherwise comply with the more stringent requirements of Rule 26(a)(2)(B).

Upon its own motion and pursuant to Fed. R. Civ. P. 1 and 61 and the inherent power to correct its own error, the Court therefore proposes to enter an order to modify and correct its prior orders that rejected the expert disclosures of Drs. Kurth and Mitchell.   The Court would also deny Plaintiff's Motion to Modify the Scheduling Order (ECF 144) as superfluous and unnecessary to qualify the designation of Doctors Kurth and Mitchell as experts.   Their designations as previously submitted would stand as adequate disclosures by Plaintiffs, pursuant to Fed. R. Civ. P. 26(a)(2)(C).

The Court recognizes that its entry of an order, as herein proposed, will indeed require further adjustments in scheduling and discovery.   It would require time for defendants to provide responsive expert disclosures.   The Court also realizes that such an order may moot any or all of the pending dispositive motions.   And it will probably require additional extensions of remaining deadlines and possibly a continuance or resetting of the trial, now scheduled for March 19, 2018.

As an alternative to proceeding as thus proposed, the Court will otherwise be inclined to grant Plaintiffs' Motion to Modify the Scheduling Order.

Before entering an order, as herein proposed, the Court invites the parties to respond to the above suggestions.   Accordingly, it directs that any party who objects to the foregoing suggestions and proposed rulings, show cause in writing on or before **November 20, 2017**, why the Court should not enter its further order(s) as herein suggested and proposed.

IT IS SO ORDERED.

Dated November 6, 2017, at Kansas City, Kansas.

S/ Gerald L. Rushfelt

Gerald L. Rushfelt
U.S. Magistrate Judge
