IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA G. HOPKINS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 15-cv-2072-CM-TJJ |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF WILSON COUNTY, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This order follows the November 6, 2017 Memorandum and Order to Show Cause entered by Magistrate Judge Gerald L. Rushfelt (ECF No. 149) regarding Plaintiffs' designation of expert witnesses and discussing Plaintiffs' Motion to Modify the Scheduling Order (ECF No. 144).[1] In the order, Judge Rushfelt revisited his earlier rulings that rejected Plaintiffs' expert disclosures of Drs. Paul Kurth and Erik Mitchell and invited the parties to respond to his proposed future rulings. Several Defendants filed responses,[2] all of which urge the court to leave intact prior rulings regarding Plaintiffs' expert witnesses. Advanced Correctional Healthcare, Inc. ("ACH") alone argues that if the court finds sufficient one or both of Plaintiffs' expert witness designations, the current Scheduling Order deadlines should be amended.

**I.     Background**

---

[1] On December 5, 2017, this case was reassigned to the undersigned Magistrate Judge Teresa J. James. (ECF No. 153)

[2] Defendants Board of Wilson County and Pete Figgins ("Wilson County Defendants") filed a joint response (ECF No. 150). Defendants City of Fredonia, Richard Sele, and James Cude filed a response joining in the Wilson County Defendants' response (ECF No. 151), and Third-Party Defendant Advanced Correctional Healthcare, Inc. filed its separate response (ECF No. 152).

The Court need not repeat the history summarized in Judge Rushfelt's November 6, 2017 Memorandum and Order to Show Cause.[3] Two issues are ripe for consideration: (1) whether Plaintiffs have complied with the relevant subparagraph(s) of Federal Rule of Civil Procedure 26(a)(2) with respect to Dr. Mitchell and Dr. Kurth, or have shown excusable neglect for not having done so, such that one or both of the witnesses should not have been stricken nor ruled inadequate under the rule; and (2) whether the Amended Scheduling Order should be further amended. The Court addresses each in turn.

## II.   Plaintiffs' Expert Designations

Plaintiffs first disclosed the names and addresses of Drs. Kurth and Mitchell on December 18, 2015. Along with that first disclosure, Plaintiffs served a copy of Dr. Mitchell's autopsy report and a copy of Dr. Kurth's letter in which he sets forth his agreement with Dr. Mitchell that Naomi Keith died as a direct consequence of chronic alcohol dependence.[4] Dr. Kurth stated that his opinion was based on the contents of Dr. Mitchell's autopsy report. On December 20, 2016, Plaintiffs served on Defendants Dr. Kurth's fee schedule, curriculum vitae, and a list of other cases in which Dr. Kurth had served as an expert witness in the last 11 years.[5] That same day, Plaintiffs also served on Defendants Dr. Mitchell's curriculum vitae, list of cases in which he had offered expert testimony, and fee schedule.[6] Plaintiffs do not represent that

---

[3] ECF No. 149.

[4] *See* ECF Nos. 46, 46-1, 46-2. While Fed. R. Civ. P. 26(a)(2)(A) only requires disclosure of the identity of its experts to other parties, Plaintiffs made the disclosure part of the court record by filing it.

[5] *See* ECF Nos. 101-8 (documents produced); 101-7 (certificate of service). Fed. R. Civ. P. 26(a)(2)(B) requires only a list of cases for the previous four years.

[6] *See* ECF No. 101-6.

2

they have produced any additional information or documents pertaining to either witness since that time.

Absent court order or a stipulation by the parties, Rule 26 requires disclosure of a written report for any witness who "is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[7] Each such witness's report must contain (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data the witness considered in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the last 10 years; (5) a list of all cases in which the witness has testified as an expert in the last four years; and (6) a statement of the compensation to be paid to the witness.

For expert witnesses for whom a report is not required, the disclosure must state the subject matter on which the witness is expected to present evidence as an expert witness, along with a summary of the facts and opinions to which the witness is expected to testify.[8]

### A. Dr. Mitchell

Dr. Mitchell performed the autopsy on Naomi Keith at the request of Wilson County and the State of Kansas. As Wilson County coroner, Dr. Mitchell performed the autopsy pursuant to the Kansas statute regarding autopsies of persons accused of crimes who die while in state custody.[9] The autopsy report was filed with the Clerk of the District Court of Wilson County on

---

[7] Fed. R. Civ. P. 26(a)(2)(B).

[8] Fed. R. Civ. P. 26(a)(2)(C).

[9] K.S.A. 22a-233.

October 15, 2013, as required by the statute. Plaintiffs assert they have never engaged or retained Dr. Mitchell as an expert witness, and no evidence suggests otherwise.[10]

The Court concludes that Dr. Mitchell is not a witness who must provide a report pursuant to Rule 26(a)(2)(B). He has not been retained by Plaintiffs, nor is he an employee of Plaintiffs. Accordingly, his disclosure need only satisfy Rule 26(a)(2)(C). Plaintiffs have complied with Rule 26(a)(2)(C) by stating the subject matter on which Dr. Mitchell is expected to testify (Naomi Keith's cause of death) and a summary of the facts and opinions to which Dr. Mitchell is expected to testify (as set forth in the autopsy report). Because Plaintiffs' original designation of Dr. Mitchell is adequate, the Court modifies its prior orders to the extent they struck the designation or otherwise ruled it inadequate.[11]

The Court finds the facts of this case of particular importance in determining whether Plaintiffs have complied with Rule 26(a)(2) with respect to Dr. Mitchell. His examination of Naomi Keith occurred only after her death; he did not treat her as a patient nor examine her for the purpose of providing an opinion about a medical condition. The examination Dr. Mitchell performed and which forms the basis of his opinion was a matter of routine practice in the course of his duties as Wilson County coroner. Moreover, his post-mortem examination was conducted at the behest of Wilson County, a Defendant in this case, who undoubtedly knew of Dr. Mitchell's actions and opinions before Plaintiffs learned of them.

---

[10] *See* ECF No. 114 at 3.

[11] Unless Dr. Mitchell offers testimony that goes beyond stating what he did in his autopsy examination and listing his findings, it is unlikely he will be an expert witness. *See Knight v. City of Fayetteville*, 234 F. Supp. 3d 669, 682 (E.D.N.C. 2017) (coroner who performed autopsy not retained or specially employed to provide expert testimony and therefore not expert until she provided opinion as a medical professional that gunshot wound would not prevent decedent from throwing gun 30 feet over fence, as latter testimony is beyond scope of autopsy examination).

The Court does not find compelling Third-Party Defendant ACH's protestations of prejudice that it was originally unable to contact Dr. Mitchell directly to get the documents he prepared and/or reviewed. It appears the only additional documents ACH obtained from Dr. Mitchell are pathology slides, and it received those on March 7, 2017.[12] The autopsy report was available to ACH when filed with the Clerk of the District Court of Wilson County. ACH is therefore not at a disadvantage for information vis-à-vis Plaintiffs, nor has it suffered prejudice from Plaintiffs' disclosure.

**B.     Dr. Kurth**

The Court continues to regard Dr. Kurth as a witness for whom Plaintiffs must provide a written report pursuant to Rule 26(a)(2)(B). Indeed, the Court construes Plaintiffs' most recent filing as an acknowledgment of such.[13] Plaintiffs have retained Dr. Kurth and have provided his letter, rate of compensation, list of cases in which he has testified, and publications as required by the rule. In an earlier motion, counsel asserted that Dr. Kurth's letter and the autopsy report constitute "a complete statement of all opinions the witness will express and the basis and reasons for them," and "any exhibits that will be used to summarize or support them."[14] Presumably, Plaintiffs would also argue that the autopsy report contains "the facts or data considered by the witness in forming [his opinions]."[15]

---

[12] *See* ECF No. 119 at 9.

[13] *See* ECF No. 144 (Plaintiffs' Motion to Modify the Scheduling Order). In their motion, Plaintiffs seek leave to file their expert designations out of time without arguing their earlier designations were adequate.

[14] Fed R. Civ. P. 26(a)(2)(B)(i), (iii). *See* ECF No. 114 at 5.

[15] Fed. R. Civ. P. 26(a)(2)(B)(ii).

For those expert witnesses who must provide a written report as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, the purpose of the report is to require disclosure of expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. A party who fails to make the required disclosures without substantial justification, unless such failure is harmless, will not be permitted to use as evidence at trial any witness or information not so disclosed.[16]

In his letter, Dr. Kurth indeed states his agreement with Dr. Mitchell's conclusion that Naomi Keith died as a direct consequence of her chronic alcohol dependence. However, that is not the only opinion he recites. He offers his belief that jail officials "failed" decedent by not recognizing a medical emergency and allowing her an emergency room visit, and that their conduct was a "flagrant departure" from the standard of care. In addition, he describes medical aspects of alcohol dependence and offers the opinion that if decedent's withdrawal symptoms had been adequately treated, she could have been offered rehabilitation and perhaps "restored to a productive life."[17] Plaintiffs have not disclosed the facts or data Dr. Kurth considered in forming these additional opinions, nor have they provided exhibits he may use to summarize or support the opinions.

Plaintiffs ask for leave to provide full expert disclosures, asserting excusable neglect[18] in that their former counsel did not understand the expert designation requirements of Rule 26, and

---

[16] *Miller v. Prairie Ctr. Muffler, Inc.*, No. 03-2424-DJW, 2004 WL 2821220, at *1 (D. Kan. Nov. 16, 2004).

[17] ECF No. 101-6 at 7-8.

[18] "Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." D. Kan. Rule 6.1(a).

that his declining cognitive abilities caused the deficiency. Plaintiffs' new counsel commits to promptly make new disclosures if permitted.

The Court finds that Plaintiffs have demonstrated excusable neglect. The affidavit counsel submitted is persuasive, and the Court finds it relevant that previous counsel permitted his law license to expire within 20 days of withdrawing from this case. Moreover, the factors relevant to this equitable determination are tempered by the fact that Plaintiffs did not wholly fail to disclose any experts; instead, their insufficiency is limited to incomplete disclosure for one expert witness. The Court does not have reason to question Plaintiffs' good faith in seeking relief, and the asserted reason is genuine and outside Plaintiffs' control. The length of delay, while not inconsequential, is not sufficient to cause Plaintiffs' request to be denied. ACH, the party challenging the sufficiency of the disclosures, responded to the Court's order to show cause by proposing as an alternative amended scheduling order deadlines. ACH's position recognizes that the deficiency can be cured, and the Court finds that setting new deadlines will prevent Defendants from suffering prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' expert designation of Dr. Erik Mitchell is not stricken.

**IT IS FURTHER ORDERED** that Plaintiffs' expert designation of Dr. Paul Kurth is not stricken, but within **ten (10) days of the date of this order**, Plaintiffs shall supplement Dr. Kurth's report as required by Fed. R. Civ. P. 26(a)(2)(B).

**IT IS FURTHER ORDERED** that a Telephone Conference is set in this case for **January 31, 2018, at 10:00 AM** to discuss the remaining Scheduling Order deadlines. Counsel

who will participate must dial 888-363-4749 and enter Access Code 4901386 to join the conference.[19]

**IT IS SO ORDERED.**

Dated this 16th day of January, 2018, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[19] Because the Court intends to set additional deadlines during the Telephone Conference, the Court finds as moot Plaintiffs' Motion to Modify the Scheduling Order (ECF No. 144).